**Not Recommended for Publication or Citation**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 07-CV-184-GFVT

FELIX IBARRA-VILLALVA, JR.                              PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA                                RESPONDENT

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Felix Ibarra-Villalva [hereinafter "Ibarra"], a prisoner currently confined in the United

States Penitentiary - Big Sandy, in Inez, Kentucky, originally submitted a *pro se* petition for writ

of habeas corpus, purportedly pursuant to 28 U.S.C. § 2241, to the United States District court

for the Northern District of West Virginia.  After the case was transferred to the Eastern District

of Kentucky for proper venue and this Court issued a Deficiency Order, the Petitioner submitted

a Motion to Proceed *in forma pauperis*, with an affidavit of assets and a six-month certificate of

inmate account.  The Motion will be granted below.

The petition is now before the Court for screening.  28 U.S.C. §2243; *Harper v. Thoms*,

2002 WL 31388736, \*1 (6th Cir. 2002).  As the Petitioner is appearing *pro se*, his petition is held

to less stringent standards than those drafted by attorneys.  *Burton v. Jones*, 321 F.3d 569, 573

(6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  During screening, the

allegations in his petition are taken as true and liberally construed in his favor.  *Urbina v. Thoms*,

270 F.3d 292, 295 (6th Cir. 2001).  But the Court may dismiss the petition at any time, or make

any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

<u>CLAIMS AND ALLEGATIONS</u>

In responding to questions on a Section 2241 petition form, Petitioner indicates that he is challenging his conviction, sentence, and "immigration/removal." Additionally, he claims that he is "in custody unconstitutionally."

Ibarra writes that he was convicted on his guilty plea on the charge of Illegal Reentry in 1998 in the U.S. District Court for the Western District of Texas, Case No. EP-98-CR-1382-DB, and he was ordered forcibly removed from this country. Westlaw reveals that Petitioner's counsel filed an appeal, but when the appellate court dismissed the Petitioner's appeal upon withdrawal of counsel, he did not pursue an appeal further (*United States v. Ibarra-Villalva*, 204 F.3d 1116 (5th Cir. 1999)), and earlier this year, the trial court denied his Motion to Vacate, Set Aside or Amend the Judgment pursuant to 28 U.S.C. § 2255 (*Ibarra-Villalva v. United States*, 2007 WL 708565 (March 2, 2007) (slip copy)).

Ibarra reveals another conviction, for "Riot, Aid, Abet" in the U.S. District Court for the Northern District of Texas, Case No. 00-CR-1382-DB, but nothing else is known about this case either from the Petitioner's allegations or from any published court opinion. Petitioner also claims that an appeal is currently "pending in the 5th Cir. Court for a C.O.A. pursuant to Rule 60(b), and [he is] also awaiting at this time response from the . . .Western District Court on the same matter." Additionally, in that portion of the petition form asking about immigration proceedings, he writes that he is "awaiting a response to my filings to the BIA [Board of Immigration Appeals]."

Petitioner's allegations make little sense.  In the petition's first full paragraph, in answer to why the remedy under Section 2255 was or is inadequate or ineffective, Iberra has written:

> It is for illegal-reentry and completed the sentence of 70 months.  I was removed from the U.S. unconstitutionally for a youthful offender charge, and was also enhanced with the same youthful offender charge when I was arrested for illegal reentry.  I basically have been serving time due to the youthful offender charge that was I charge I am not guilty of and was processed as an adult during proceedings and trials, and was not effectively represented.  I now have been again served with a six years late notice and order by the INS agent, in obvious patterns of retributions and need immediate estoppels by deed and in pais [sic], generally.

Petition at 3.  Another of Iberra's claims is that "I qualify for immediate release whether it be on parole, bond, probation, halfway house, or under status quo.  (I am a changed man)."  *Id.* at 5.

In addition to immediate release, the Petitioner states that he seeks "the opportunity to prove to society that I am a human being of dignity and integrity."  *Id.* at 6.

<u>DISCUSSION</u>

This Court lacks jurisdiction over any of the Petitioner's claims.  To the extent that he is challenging his convictions or sentences, Ibarra is advised that the general rule has been that 28 U.S.C. § 2255 relates to conviction and/or imposition of sentence(s), and such issues must be brought before the trial court.  Therefore, since Petitioner was not convicted in this Court, it does not ordinarily have jurisdiction to entertain the instant construed challenges to his convictions and/or sentences.

Rather, Petitioner has chosen to use 28 U.S.C. § 2241, a very different habeas proceeding. This statute provides for a petition for writ of habeas corpus to be filed in the district where the petitioner is incarcerated, and it may challenge only the *execution* of sentence, such as the computation of his sentence, credits to his sentence  or parole matters.  *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71

(6th Cir. 1979).  Therefore, to the extent that the instant Petitioner's claims challenge his

convictions and sentences, they would not ordinarily be cognizable under 28 U.S.C. §2241.

Although Ibarra uses the form for filing a Section 2241 proceeding about the execution of

his sentence(s), he admits that he is actually challenging his convictions and sentences.  Such

challenges are not the proper subject of a petition for habeas relief under Section 2241.   Rather,

the Petitioner must raise these claims to the trial court through a post-conviction motion to

vacate, alter or amend, pursuant to 28 U.S.C. § 2255.  Moreover, Petitioner was evidently aware

of the proper means for doing so, as he has already used a motion pursuant to 28 U.S.C. § 2255

in the United States District Court for the Western District of Texas.

There is an exception to these general rules, however, one which was evidently in this

Petitioner's mind when he instituted this proceeding.  Under what is called the "savings clause"

of § 2255 and under *Cohen*, a district court may exercise jurisdiction over § 2255 claims under

its 28 U.S.C. § 2241 jurisdiction, if the Petitioner establishes that "the remedy by [§ 2255]

motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255, ¶ 5;

*Cohen*, 593 F.2d at 770-71.

This Court is of the opinion that the instant *pro se* Petitioner, a frequent filer in the United

States Federal Courts,[1] has purposefully filed under Section 2241, pursuant to the savings clause.

He has not achieved relief under Section 2255, his remedy by Section 2255 is/was ineffective and

inadequate, and he alleges that he is "actually innocent," a term used by other federal prisoners

wishing to challenge convictions and/or sentences under Section 2241, instead of Section 2255.

---

[1]  The instant Petitioner has amassed quite a history of filing frivolous civil actions.  In *Ibarra-Villalva v. Bureau of Prisons*, 2007 WL 2404993 (N.D.W.Va. August 17, 2007) (slip op.), the District Court found that he had filed at least three civil actions which were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  Therefore, in the absence of being in imminent danger of serious physical injury, Ibarra-Villalva's filing of any further civil actions *in forma pauperis* was ordered barred under 28 U.S.C. § 1915(g).

However, such use of Section 2241 is permitted only under highly exceptional circumstances, the first requirement of which is the Petitioner's showing that his remedy under Section 2255 is truly "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255.

It is the prisoner's burden to prove that his remedy under Section 2255 is inadequate or ineffective so that he may use Section 2241.  In *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999), the Sixth Circuit surveyed the use of Section 2241 when  prisoners' Section 2255 route had been barred under the then-new Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The appellate court in this circuit held that Section 2255 is not rendered an "inadequate and ineffective" remedy where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law.  *Id.* at 756.  Nor may Section 2241 be used simply because the prisoner was unsuccessful in one such attempt or he let the one-year statute of limitations run for filing under Section 2255.  *Id*.; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

The *Charles* court emphasized that Section 2241 is not a "catch all" remedy that may be invoked for simple convenience, *Charles,*180 F.3d at 758; rather, it is a narrow remedy available only to the rare habeas petitioner who can demonstrate that his Section 2255 remedy is truly "inadequate and ineffective."  *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).  As Petitioner Charles had not demonstrated that Section 2255 was truly "inadequate or ineffective," he was not entitled to proceed under Section 2241, and dismissal of his petition by this Court was affirmed.

However, because Petitioner Charles had failed to submit a valid claim of actual innocence, the appellate court withheld judgment as to whether a claim of actual innocence would permit a petitioner to seek relief when his Section 2255 remedy was unavailable.  A few

years later, in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the Sixth Circuit would address the actual innocence component of bringing a Section 2241 proceeding. It then held that technical or procedural errors committed during the course of trial or sentencing cannot provide the basis for an "actual innocence" claim. Rather, the "actual innocence" must be "factual innocence." *Id*. at 804.

Notwithstanding its label, however, the "factual innocence" requirement does not invite or permit the habeas petitioner to challenge the sufficiency of the evidence adduced against him at trial. Factual innocence must instead be predicated upon a Supreme Court decision, which was issued after the petitioner's conviction became final and which interpreted the criminal statute under which he was convicted in a materially different manner than that prevailing at the time of his conviction. *Martin*, 319 F.3 at 804; *see also Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause.").

In other words, a petitioner may use Section 2241 to challenge his conviction only when, after his conviction has become final, the Supreme Court re-interprets the terms of the statute which the petitioner was convicted of violating in such a way that his/her actions did not violate the statute. *Martin*, 319 F.3d at 804 ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Peterman*, 249 F.3d at 461-62. To date, the Sixth Circuit has concluded that Section 2255 is an "inadequate and ineffective" remedy in only one circumstance: where the petitioner presents a viable claim of "actual innocence." *Truss v. Davis*, 2004 WL 2203581, *2 (6th Cir. 2004).

To the extent that one of Petitioner Ibarra's claims can be construed to be a claim that he is actually innocent of a second conviction, this is not the required type of "actual/factual innocence" which warrants use of 28 U.S.C. § 2241.  This is so because, even if his allegations are true, the trial court did not convict him of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction.  *Martin*, 319 F.3d at 805; *Charles*, 180 F.3d at 757.

Additionally, unlike Martin, Petitioner has utterly failed to carry his burden of showing that Section 2255 was or is truly inadequate or ineffective for bringing his claims in the trial court.  Because of that failure, the convictions and any sentencing claims which Iberra seeks to bring herein are not cognizable in a habeas corpus proceeding under Section 2241, and they will be dismissed.

As to Petitioner's reference to immigration proceedings and his allegation that something is currently pending before the BIA, the Court finds that it also does not have jurisdiction to address these issues.  On May 11, 2005, the REAL ID Act of 2005[2] ("RIDA") was signed into law.  RIDA lay jurisdiction of a case or any part of a case challenging a final immigration "order of removal, deportation, or exclusion" in the United States Courts of Appeals only.  8 U.S.C. § 1252.  The Courts of Appeals now having exclusive jurisdiction to review all administratively final orders of removal, this Court may not address challenges to such immigration orders.

For the foregoing reasons, the instant petition must and will be denied.

---

[2]        Pub.L. No. 109-13, Div. B, 119 Stat. 231, 302.

<u>CONCLUSION</u>

Accordingly, the Court being sufficiently advised, it is **ORDERED** as follows:

(1)     The Motion to Proceed herein in *forma pauperis* [Record No. 4] is **GRANTED**;

(2)     Petitioner Felix Ibarra-Villalva's petition for writ of habeas corpus is **DENIED**; and

(3)     this action shall be **DISMISSED**, *sua sponte*, from the docket of the Court; and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondents.

This the 1st day of November, 2007.

**Signed By:**

***Gregory F. Van Tatenhove***

**United States District Judge**